1

2

3

4

5

6

7

8                    **IN THE UNITED STATES DISTRICT COURT**

9                   **FOR THE EASTERN DISTRICT OF CALIFORNIA**

10

11  FEDERAL HOME LOAN                 ) Case No.: 1:11-cv-01364 LJO JLT
    MORTGAGE CORPORATION,             )
12                                    ) FINDINGS AND RECOMMENDATION TO
                          Plaintiff,  ) REMAND THE MATTER TO THE KERN
13        v.                          ) COUNTY SUPERIOR COURT AND TO
                                      ) DISMISS THE MATTER
14                                    )
    SUZANNE VARGAS and                )
15  DOES 1-10, inclusive,             )
                                      )
16                        Defendants. )
17  _____ )

18        Nancy Finzel[1], erroneously named as Suzanne Vargas, seeks removal of an unlawful detainer

19  action from the Kern County Superior Court.  (Doc. 1).  Currently before the Court is a motion to

20  remand the action filed by plaintiff Federal Home Loan Mortgage Corporation ("Plaintiff").  (Doc.

21  5).  Defendants did not file an opposition to this motion nor did she appear at the hearing.  For the

22  following reasons, the Court recommends the motion to remand be **GRANTED**.

23  ///

24

25  _____

26      [1] Defendant Nancy Finzel asserts she was "erroneously sued as Suzanne Vargas" (Doc. 1at 1), though Plaintiff
    asserts Ms.  Finzel "also referred to herself as Suzanne Vargas."  (Doc. 5 at 1).  At the hearing, Plaintiff's counsel reported
27  that when service of the eviction documents was accomplished, the person living in the home told the process server that her
    name was "Suzanne Vargas."  Notably, the demurrer and the answer filed in the state court action was by and on behalf of,
28  "Suzanne Vargas."  (Doc. 1 at 2, 66-70; Doc. 5-6) Because Finzel admits she is the proper party in this case, for purposes
    of this motion, the Court will assume Ms. Finzel was erroneously sued as "Suzanne Vargas."

1

1  ## I.  Factual and Procedural History

2      Plaintiff commenced this action by filing a "Complaint for Unlawful Detainer Following

3  Foreclosure Sale CCP Section 1161a" in Kern County Superior Court against Suzanne Vargas and

4  Does 1-10, inclusive, on May 24, 2011, in Case No. S-1500-CL-259616.[2]  (Doc. 5-2, Ex. 3).  In the

5  underlying state court complaint, Plaintiff alleges the company is the owner of property located at

6  2809 Agate Street, Bakersfield, California, and is entitled to that property.  (Doc. 1 at 13).  Nancy

7  Finzel "and ALL PERSONS IN POSSESSION" of the premises were served with a notice to quit the

8  property on February 15, 2011.  *Id.* at 15.  However, the occupants failed to leave the property.  *Id.*

9  Plaintiff sought possession of the property and rental value in the amount of $30.00 per day

10 beginning May 23, 2011.  *Id.* at 15-16.

11     On July 5, 2011, defendant Suzanne Vargas filed a demurrer in the state court and when it

12 was overruled, she filed an answer, in which she generally denied each statement of the complaint.

13 (Doc. 1 at 2, 66-70; Doc. 5-4, Ex. 6).  In addition, Ms. Vargas requested that the case be dismissed

14 "based on wrongful foreclosure."  *Id.*

15     Ms. Finzel filed a Notice of Removal on August 16, 2011, thereby commencing the matter in

16 this Court.  (Doc. 1).  According to Ms. Finzel, "Defendant filed a demurrer to the Complaint based

17 on a defective notice, i.e., the Notice to Occupants to Vacate Premises, failed to comply with The

18 Protecting Tenants at Foreclosure Act."  *Id.* at 2.  Ms. Finzel asserts the demurrer "depend[s] on the

19 determination of Defendants' rights and Plaintiff's duties under federal law."  *Id.* at 3.

20 ## II.  Removal Jurisdiction

21     Pursuant to 28 U.S.C. § 1441(a), a defendant has the right to remove a matter to federal court

22 where the district court would have original jurisdiction.  *Caterpillar, Inc. v. Williams*, 482 U.S. 286,

23 392 (1987).  Specifically,

24 _____

25 [2] The Court may take notice of facts that are capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned.  Fed. R. Evid. 201(b).  Plaintiff requests the Court take judicial notice of
26 documents including "records of the Superior Court of California Kern County, Metropolitan Division" related to Case No. S-1500-CL-259616, including the summons and complaint, proofs of service, and Defendant's answer.  In addition, Plaintiff
27 requests judicial notice of "records of the County Recorder's Office of Kern County," including a deed upon sale and a deed of trust.  Because the accuracy of these documents cannot reasonably be questioned, Plaintiff's request for judicial notice is
28 **GRANTED**.

2

1
2
3

> Except otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

4   28 U.S.C. § 1441(a).  District courts have "original jurisdiction of all civil actions arising under the

5   Constitution, laws, or treaties of the United States."  *Id.* at § 1331.

6          A party seeking removal must file a notice of removal of a civil action within thirty days of

7   receipt of a copy of the initial pleading.  *Id.* at § 1446(b).  Removal statutes are to be strictly

8   construed, and any doubts are to be resolved in favor of state court jurisdiction and remand.  *See*

9   *Gaus v. Miles*, 980 F.2d 564, 566 (9th Cir. 1992).  The party seeking removal bears the burden of

10  proving its propriety.  *Duncan v. Stuetzle*, 76 F.3d 1480, 1485 (9th Cir. 1996); *Abrego v. Dow Chem.*

11  *Co.*, 443 F.3d 676, 683-85 (9th Cir. 2006); *see also Calif. ex. rel. Lockyer v. Dynegy, Inc.*, 2274 F.3d

12  831, 838 ("the burden of establishing federal jurisdiction falls to the party invoking the statute").

13         The Court may remand an action to state court for lack of subject matter jurisdiction or for

14  defect in the removal procedure.  28 U.S.C. § 1447(c).  A party opposing removal on the basis of a

15  procedural defect must make a motion to remand within thirty days of the filing of the notice of

16  removal.  *Id.*

17  **III.  Discussion and Analysis**

18         As the party seeking removal, Ms. Finzel "bears the burden of actually proving the facts to

19  support jurisdiction, including the jurisdictional amount."  *Sanchez v. Monumental Life Ins.*, 102

20  F.3d 398, 403 (9th Cir. 1996), *citing Gaus*, 980 F.2d at 677-67.  Ms. Finzel asserts the Court has

21  subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and § 1441(a). (Doc. 1 at 2).  Specifically,

22  she asserts the Complaint presents federal questions and "could originally could have been filed in

23  this Court."  *Id.*

24         A.   Subject Matter Jurisdiction

25         The determination of federal question jurisdiction "is governed by the 'well-pleaded

26  complaint rule,' which provides that federal jurisdiction exists only when a federal question is

27  presented on the face of plaintiff's properly pleaded complaint."  *Caterpillar*, 482 U.S. at 392).

28  Therefore, the complaint must establish "either that [1] federal law creates the cause of action or that

3

[2] the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Williston Basin Interstate Pipeline Co. v. An Exclusive Gas Storage Leasehold & Easement*, 524 F.3d 1090, 1100 (9th Cir. 2008), quoting *Franchise Tax Bd. v. Constr. Laborers Vacation Trust*, 463 U.S. 1, 27-28 (1983).

The complaint filed in state court stated a single cause of action for unlawful detainer. Importantly, an unlawful detainer action does not arise under federal law, but arises instead under state law. *Deutsche Bank Nat'l Trust Co. v. Jora*, 2010 U.S. Dist. LEXIS 105453, at *4 (E.D. Cal. Oct. 1, 2010). A plaintiff bringing an unlawful detainer claim is entitled to judgment upon establishing that the property at issue was sold in compliance with California Civil Code §2924 and that the requisite three-day notice to quit to defendant was served as required in California Code of Civil Procedure §1161. *See Litton Loan Servicing, L.P. v. Villegas*, 2011 U.S. Dist. LEXIS 8018 at *5 (N.D. Cal. Jan. 21, 2011) (citing *Evans v. Superior Court*, 67 Cal. App. 3d 162, 168 (1977). Thus, the unlawful detainer claim asserted by Plaintiff does not raise a federal question, and the Court lacks subject matter jurisdiction. *See Galileo Fin. v. Miin Sun Park*, 2009 U.S. Dist. LEXIS 94996, at *1-2 (C.D. Cal. Sept. 24, 2009) ("Here, the complaint only asserts a claim for unlawful detainer, a cause of action that is purely a matter of state law. Thus, from the face of the complaint, it is clear that no basis for federal question jurisdiction exists.")

B.  Diversity Jurisdiction

For the Court to have diversity jurisdiction, the amount in controversy must exceed the sum or value of $75,000. 28 U.S.C. § 1332(a). In an unlawful detainer action, "the right to possession alone [is] involved– not title to the property." *Litton*, 2011 U.S. Dist. LEXIS 8018 at *6-7. In the complaint, Plaintiff seeks less than $10,000. (Doc. 1 at 13). Therefore, the amount in controversy is insufficient to establish diversity jurisdiction.

**IV.  Findings and Recommendations**

Ms. Finzel's removal failed to establish that the Court has subject matter jurisdiction. Though Ms. Finzel asserted Plaintiff's complaint raised federal questions, the single cause of action arises under state law.

Accordingly, the Court hereby **RECOMMENDS** that:

1.      Plaintiff's motion to remand be **GRANTED**;

2.      The matter be **REMANDED** to the Kern County Superior Court; and

3.      Because the order remanding this matter to state court concludes this case, the Clerk of the Court be directed to close this matter.

These Findings and Recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California.  Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).


IT IS SO ORDERED.

Dated:   **October 3, 2011**                                        **/s/ Jennifer L. Thurston**
                                                                                         UNITED STATES MAGISTRATE JUDGE